UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SEA GREEN HOLDINGS, LLC

    Plaintiff,

    v.

ANDREA A. ANGERA, JR., et al

    Defendant.

No. 3:18-cv-0264 (MPS)

## RULING ON MOTION TO REMAND

Plaintiff Sea Green Holdings, LLC ("Sea Green") brought this suit against the defendants—Andrea A. Angera, Jr.; Tikal Consulting Company, LLC ("Tikal"); Maine Seaweed Exchange, LLC ("Maine Seaweed"); and Springtide Seaweed, LLC ("Springtide Seaweed")—for various causes of action related to the defendants' purported breach of contract and misappropriation of the plaintiff's trade secrets. (*See* ECF No. 1-1.) Defendant Angera, Jr. removed the case to this Court, citing diversity jurisdiction and "ancillary and/or supplemental jurisdiction." (ECF No. 1 at 3.) I issued an order to show cause shortly thereafter identifying "various defects" in the notice of removal. (ECF No. 5 at 1.) In particular, I noted that Defendant Angera, Jr. had failed to: (1) file a statement noting the citizenship of each member of the defendant limited liability companies ("LLCs") so that the Court could determine if diversity existed in this case; (2) file a notice of pending motions; (3) establish complete diversity; (4) establish the existence of supplemental jurisdiction in this matter; and (5) establish the consent of his corporate co-defendants to removal. (ECF No. 5 ("February 16 Order") at 5.)

1

Defendant Angera, Jr. responded to the February 16 Order by filing several items on the docket. The first of these documents sets out the dates on which the defendants were served in the state court action, lists the citizenship of the members of the LLCs (along with the citizenship of the plaintiff LLC's members), and notes that "[a]ll Defendants have joined or consented to the removal of this action." (ECF No. 9 ("Notice").)[1] The second document posted by the defendant consisted of a notice of pending motions in state court averring that the "removing party had not been served [at the time the notice of removal was filed] and knows of no pending motions that require action by a Judge of this court." (ECF No. 10.) Finally, Defendant Angera, Jr. posted a formal response to the Court's order to show cause contending that diversity jurisdiction and supplemental jurisdiction exist in this case and that he had the power to consent to removal on behalf of his corporate co-defendants. (ECF No. 12 at 1-3.)

Before me now is the plaintiff's motion to remand the case back to state court and for costs and attorney's fees. (ECF No. 13.) For the reasons set forth below, the plaintiff's motion is granted. I remand this case to Connecticut Superior Court and award the plaintiff its costs and attorney's fees.

I. **Discussion**

   a. **Removal**

Defendant Angera, Jr. defends his removal of this matter on three bases. First, he contends that diversity jurisdiction exists in this case. (ECF No. 16 at 2.) Second, he argues that the Court possesses jurisdiction over this matter on the basis of his "Constitutional right to a federal forum." (Id. at 1-2.) Third, he argues that the Court possesses ancillary jurisdiction and supplemental jurisdiction over this case because it "is grounded in the same core of operative

---

[1] The document also contains an attachment, which appears to be Defendant Angera, Jr.'s response to the plaintiff's application for a pre-judgment remedy. (ECF No. 9 at 3-8).

facts" as another matter before the Court. (*Id.* at 1.) I address each of these proposed bases for jurisdiction in turn.

### i. Diversity Jurisdiction

"In evaluating the propriety of a removal, courts start with the baseline principle that federal courts are courts of limited jurisdiction." *Veneruso v. Mount Vernon Neighborhood Health Center*, 933 F. Supp. 2d 613, 618 (S.D.N.Y. 2013). Thus, "removal jurisdiction exists in a given case only when that jurisdiction is expressly conferred on the courts by Congress." *Id.* (internal quotation marks omitted). Under "28 U.S.C. § 1441, a civil action filed in state court may be removed by the defendant to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim." *Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 271 (2d Cir. 1994); *see also* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

"Federal courts have original jurisdiction over civil actions" in which diversity jurisdiction exists. *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 385 (S.D.N.Y. 2009). Diversity jurisdiction "exists over 'civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (quoting 28 U.S.C. § 1332(a)(1)). "Citizens of different States means that there must be complete diversity, *i.e.*, that each plaintiff's citizenship must be different from the citizenship of each defendant." *Id.* (internal quotation marks omitted). In determining whether complete diversity

3

exists between LLC parties, courts look to the membership of each member of the LLCs. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990) ("In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members. . . ." (internal quotation marks omitted)); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (looking to citizenship of members of LLC parties to determine whether complete diversity existed).

Although there are several reasons to doubt whether diversity jurisdiction exists in this case, Defendant Angera, Jr.'s own representations about the citizenship of the parties demonstrate the absence of complete diversity.[2] His Notice states that defendants Springtide Seaweed and Maine Seaweed Exchange both have Maine members. (*See* Notice at 1.) The Notice also states that plaintiff Sea Green Holdings "has upon information and belief, two California members, a Connecticut member, *and a Maine [m]ember*." (*Id.* (emphasis added).)

---

[2] The complaint alleges that Defendant Angera, Jr. is a citizen of Connecticut. (ECF No. 1-1 at 1-2.) As I noted in my February 16 Order, this presents two problems for Defendant Angera, Jr.'s removal. First, it destroys diversity between the parties, as the plaintiff LLC has least one Connecticut member. (ECF No. 1-1 at 1; Notice at 9.) Second, the fact that at least one of the defendants is a citizen of the State of Connecticut forecloses removal of the action from Connecticut state court, because of the rule against removal by a citizen of the same state in which the district court is located. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."). While Defendant Angera, Jr. contests the plaintiff's allegations concerning his citizenship and argues that Tikal was fraudulently misjoined (ECF No. 16 at 1-2), diversity jurisdiction is generally determined from the face of the complaint. *See, e.g.*, *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986) ("When an action is removed based on diversity, complete diversity must exist at removal. . . . Diversity is generally determined from the face of the complaint."). Given that Defendant Angera, Jr.'s own filings demonstrate the lack of diversity in this case, however, I do not address these other flaws in his assertion of diversity jurisdiction.

Complete diversity therefore does not exist between all members of the defendant LLCs and all members of the plaintiff LLC. As such, diversity jurisdiction does not exist in this case.[3] *See Carden*, 494 U.S. at 195.

### ii. Jurisdiction Based on "Right to a Federal Forum"

Defendant Angera, Jr.'s argument that the Court possesses jurisdiction over this matter on the basis of his "Constitutional right to a federal forum" (ECF No. 16 at 1-2) also lacks merit. He contends that the "[p]laintiff filed the action being removed naming what it believes to be non-diverse parties to improperly harass and harm Defendants, and deprive Petitioner of his Constitutional right to a federal forum." (*Id.* at 2.) In support of this contention, he cites the Supreme Court's decision in *Terral v. Burke Const. Co.*, 257 U.S. 529 (1922). (*See id.*) *Terral* provides that "a state may not, in imposing conditions upon the privilege of a foreign corporation's doing business in the state, exact from it a waiver of the exercise of its constitutional right to resort to the federal courts, or thereafter withdraw the privilege of doing business because of its exercise of such right, whether waived in advance or not." *Id.* at 532. This principle has little application to the present situation, which does not concern conditions imposed by state law but, rather, the bases for removal under federal law, 28 U.S.C. § 1441.

### iii. Ancillary and Supplemental Jurisdiction

---

[3] Defendant Angera, Jr. contends in his opposition that "[a]lthough the [plaintiff's] complaint names potentially non-diverse parties, these parties were fraudulently misjoined." (ECF No. 16 at 2.) Although Defendant Angera, Jr.'s opposition fails to specify which of the defendants he contends was fraudulently misjoined, his notice of removal implies that he is referring only to Defendant Tikal. (*See* ECF No. 1 at 2 (noting in "Diversity of Citizenship" section that Tikal "has been dissolved and has been fraudulently misjoined" but merely listing Defendants Springtide Seaweed and Maine Seaweed Exchange as "citizens of Maine".) Thus, even if I were to accept Defendant Angera, Jr.'s assertion that Defendant Tikal was fraudulently misjoined, complete diversity would still not exist in this case given the citizenship of the members of the other defendants.

Defendant Angera, Jr. also claims that removal is proper because this case "is grounded in the same core of operative facts" as another matter before me, *Angera v. Greenwave Organization Corp. et al*, 17CV1613 ("2017 case"). (ECF No. 16 at 2.) He appears to argue that this provides both a basis for federal jurisdiction by itself and a separate basis for supplemental jurisdiction over the matter. (*Id.* at 1-2 (averring that "supplemental jurisdiction . . . exists based on [the 2017 case] and noting that both cases are "grounded in the same core of operative facts".) As an initial matter, whether this case is grounded in the same core of operative facts as another matter before this Court has no bearing on removal. Charitably construed, Defendant Angera, Jr.'s argument suggests that this Court possesses ancillary jurisdiction arising from the 2017 case to adjudicate the present matter. *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 966 (9th Cir. 2014) ("The 'doctrine of ancillary jurisdiction . . . recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994))). However, the Supreme Court has rejected the proposition that such ancillary jurisdiction—even if it existed in this case—could provide a basis for removal. *See Syngenta Crop Protection, Inc. v. Henson*, 547 U.S. 28, 34 (2002) ("Ancillary jurisdiction . . . cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441.").

As for supplemental jurisdiction, such jurisdiction is not a substitute for original jurisdiction under 28 U.S.C. § 1441. *See Port Auth. of New York and New Jersey v. Allianz Ins. Co.*, 443 F. Supp. 2d 548, 555 (S.D.N.Y. 2006) ("In the present action, [the defendant] has not alleged diversity, and, regardless of whether this court could resolve the coverage question posed by the plaintiffs' complaint through supplemental jurisdiction in [a related case], supplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint

under 28 U.S.C. § 1441(a). . . ."); Wright & Miller, Fed. Prac. & Proc. § 3722 ("Defendants sometimes will assert that a pending federal action that shares a common nucleus of operative fact with the state lawsuit that the defendants seek to remove can furnish an anchor claim under Section 1367(a), and thus enable removal of a separate suit under Sections 1441(a) and (b). This is a misreading of Section 1367. . . ."). Thus, Defendant Angera, Jr.'s purported bases for removal of this matter are meritless.

I therefore conclude that this case must be remanded to Connecticut Superior Court.[4]

### b. Costs and Attorney's Fees

The plaintiff also moves for an award of its "costs and expenses (including attorney's fees) pursuant to 28 U.S.C. § 1447(c)." (ECF No. 14 at 1.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[A] district court should exercise its discretion [to impose such costs] in furtherance of the statutory goal [of § 1447(c)] to deter improper removal where the grounds for removal are contrary to overwhelming authority or without any reasonable basis." *Treasurer of State of Connecticut v. Fortsmann Little & Co.*, No. 3:02CV519(JBA), 2002 WL 31455245, at *6 (D. Conn. Oct. 15, 2002) (internal citations and quotation marks omitted).

Defendant Angera, Jr.'s basis for removal of this case was objectively unreasonable. His reliance on supplemental jurisdiction ran contrary to voluminous precedent demonstrating that

---

[4] In light of this disposition, I do not address the plaintiff's arguments that removal of this matter is statutorily barred and that not all defendants have consented to the removal of the matter. (*See* ECF No. 14 at 5, 8.)

supplemental jurisdiction cannot confer a basis for removal. *See McClelland v. Longhitano*, 140 F. Supp. 2d 201, 203 (N.D.N.Y. 2001) (collecting cases in support of contention that "[a]lmost every single authority to address this issue has concluded that the supplemental jurisdiction statute cannot be used [to support removal]"). Defendant Angera, Jr.'s argument concerning ancillary jurisdiction—which lacked any legal citation whatsoever—ran directly contrary to the Supreme Court's holding in *Syngenta*. Finally, his argument concerning his right to a federal forum relied on wholly inapposite precedent.

Thus, Defendant Angera, Jr.'s only colorable basis for removal of this action was diversity jurisdiction. However, his own filings demonstrate that complete diversity does not exist in this case. Thus, he either knew or should have known that he lacked a "good faith argument" in favor of the existence of diversity between the parties in this case. *See Akers v. Barrett*, No. 14-CV-501-A, 2014 WL 3778591, at *3 (W.D.N.Y. July 30, 2014) (awarding costs to plaintiff upon grant of motion to remand on basis that defendant's "removal petition does not assert a basis for removal for which there may be a good faith argument"). While one could perhaps blame Defendant's Angera, Jr.'s failure to notice the lack of diversity between the members of the LLC parties on the fact that the parties' membership was not evident in the notice of removal, the only reason for the absence of such information was the defendant's failure to comply with this Court's standing order requiring a signed statement setting forth the citizenship of each LLC member. (*See* Standing Order on Removed Cases, Appendix to D. Conn. Local Rules (requiring a signed statement "[i]n diversity cases" involving "any party [that is a] . . . limited liability company" setting forth "the citizenship of each member"); February 16 Order at 1 (noting this failure).) Thus, Defendant Angera, Jr. lacked an objectively reasonable basis for removal of this case.

Further, despite the Court's prior notice of the fact that diversity hinged upon the membership of LLC parties in its February 16 Order (ECF No. 5 at 1), Defendant Angera, Jr. continued to maintain that removal was proper on the basis of diversity jurisdiction even after filing his Notice demonstrating the lack of diversity between the parties. (ECF No. 12 (response to Court's February 16 order); ECF No. 16 (memorandum in opposition to plaintiff's motion to remand).) The plaintiff filed its motion to remand nine days after Defendant Angera, Jr. filed his Notice. (ECF No. 13.) Hence, the resources the plaintiff expended in filing its motion to remand resulted entirely from Defendant Angera, Jr.'s negligent failure to realize that his own filings demonstrated he lacked a reasonable basis for removal. *Contrast Huebner v. Lapin*, No. 16 CV 316(NG)(SMG), 2016 WL 1464043, at *1 (E.D.N.Y. Apr. 13, 2016) (declining to award costs to plaintiff in removal action remanded to state court on basis that defendant consented to remand shortly after the Court put him on notice of his erroneous basis for removal). Thus, imposing costs upon Defendant Angera, Jr. would serve the purposes of § 1447(c). *See Martin*, 546 U.S. at 140 ("Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.").

I therefore conclude that the plaintiff is entitled to its costs and expenses, including attorney's fees, under 28 U.S.C. § 1447(c). The plaintiff submitted an itemized calculation of these costs in its motion to remand totaling $8,095.00. (*See* ECF No. 14-9, Exhibit I). Defendant Angera, Jr. did not oppose this calculation and the calculation itself is supported by an affidavit and appears to reflect reasonable fees and expenses. I therefore award the plaintiff $8,095.00.

**II.     Conclusion**

For the reasons discussed above, the plaintiff's motion to remand and for costs and attorney's fees (ECF No. 13) is GRANTED. I remand this case to Connecticut Superior Court and award the plaintiff its costs and attorney's fees in the amount of $8,095.00.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut

April 11, 2018